## GARRETT et al. v. FAUST et al.

### Civ. A. 7806.

United States District Court
E. D. Pennsylvania.

Sept. 13, 1951.

Arthur H. Bartelt, Austin, Tex., for plaintiff.

Cornelius C. O'Brien, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendants have filed a motion for an order granting leave to pay money into court in satisfaction of a judgment in favor of plaintiff.

Judgment was entered in the sum of Seventeen Thousand Dollars against the defendants as a result of findings by a jury.

Notice of appeal was filed together with bond for supersedeas in the amount of Thirty-four Thousand Dollars. The Court of Appeals, 3 Cir., 183 F.2d 625, subsequently vacated the judgment of this court and directed that judgment be entered in favor of plaintiff in the amount of Three Thousand Six Hundred Nine Dollars and Ten Cents. Pursuant to the mandate of the court of Appeals judgment was entered in this court in the stated amount, with costs. Plaintiff then made application to the Supreme Court of the United States for a writ of certiorari. While that application was pending, the defendants moved for leave to pay moneys into court in settlement of the judgment against them. The motion was denied at that time on the ground that the application for certiorari was pending. The Supreme Court denied certiorari, 340 U.S. 931, 71 S.Ct. 493, as well as plaintiff's petition for a rehearing 341 U.S. 917, 71 S.Ct. 733, and a motion for leave to file a second petition for rehearing, 341 U.S. 933, 71 S.Ct. 801. Subsequently, the Court of Appeals denied a motion to vacate and set aside its judgment. Plaintiff has since refused defendants' request to have costs assessed or advise defendants of the amount required to satisfy the judgment entered against them in the amount of Three Thousand Six Hundred Nine Dollars and Ten Cents.

a fox is evidence that the chase is by agreement with the fox." Kiefer-Stewart Co. v. Joseph E. Seagram & Sons, 7

 Plaintiff opposes defendants' motion on the ground that the judgment of the Court of Appeals, vacating the judgment previously entered in this court, and directing entry of a new judgment in favor of the plaintiff in a reduced amount, is void because the Court of Appeals was without jurisdiction, under the Seventh Amendment of the United States Constitution, to set aside a verdict and judgment on its own determination of issues of fact. However this court is not at liberty to entertain exceptions to a judgment of the Court of Appeals in any circumstances, and lacks the power and jurisdiction to grant plaintiff any relief.

Accordingly the defendants' motion will be granted.